**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1606**

---

LORENZO GARCIA GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: July 8, 2022                                    Decided:  August 9, 2022

---

Before WYNN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

**ON BRIEF:** Margaret W. Wong, MARGARET W. WONG & ASSOCIATES, LLC, Cleveland, Ohio, for Petitioner.  Brian M. Boynton, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Dawn S. Conrad, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Garcia Gonzalez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's ("IJ") decision denying Garcia Gonzalez's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ concluded that Garcia Gonzalez's application failed because he had not established that his removal to Mexico would result in an exceptional and extremely unusual hardship to his United States citizen stepdaughter. Before us, Garcia Gonzalez challenges some of the IJ's factual findings. He also argues that the IJ failed to address significant evidence of hardship, did not consider the relevant hardship factors in the aggregate, and applied an improper legal standard in assessing his stepdaughter's medical conditions. For the reasons explained below, we dismiss in part and deny in part the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria: 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'" *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (alterations in original) (quoting 8 U.S.C. § 1229b(b)(1)).

In *Gonzalez Galvan*, we held that the IJ's ruling that an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) is a mixed

2

question of law and fact that we possess jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). *Id.* at 560. But in performing that review, we may not disturb "the IJ's factual findings related to the hardship determination," and we assess only whether "the IJ erred in holding that [the] evidence failed as a matter of law to satisfy the statutory standard of exceptional and extremely unusual hardship." *Id.* at 561 (internal quotation marks omitted); *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (holding that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the . . . provisions enumerated in [8 U.S.C.] § 1252(a)(2)(B)(i)," including 8 U.S.C. § 1229b). Our review of that legal question is de novo. *Gonzalez Galvan*, 6 F.4th at 561.

Here, insofar as Garcia Gonzalez challenges some of the IJ's factual findings, we lack jurisdiction to review those challenges and thus dismiss that aspect of the petition for review. Garcia Gonzalez presents questions of law that we may review, however, in arguing that the IJ failed to address significant evidence of hardship, did not consider the relevant hardship factors in the aggregate, and applied an improper legal standard in assessing his stepdaughter's medical conditions.[*] *See id.* at 560-61 (reviewing petitioner's arguments that IJ "failed to consider the full impact that his removal" would have on his children and that IJ did not adequately explain decision). But based upon our review of the record, we are satisfied that the IJ "applied the correct statutory standard, considered all the evidence, and adequately explained the reasons for his ruling." *Id.* at 561; *see*

---

[*] We reject the Attorney General's contention that Garcia Gonzalez did not exhaust his administrative remedies for his arguments of legal error. *See* 8 U.S.C. § 1252(d)(1); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019).

*Camara v. Ashcroft*, 378 F.3d 361, 366 (4th Cir. 2004) (explaining that, when the Board of Immigration Appeals issues a summary affirmance under 8 C.F.R. § 1003.1(e)(4) (2022), we review only the IJ's decision). We therefore conclude that the IJ did not commit an error of law in denying Garcia Gonzalez's application for cancellation of removal.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*